UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH TAYLOR,

Plaintiff,

v.

Civil Action No. 2:19-cv-12548
Honorable Stephanie Dawkins Davis
Magistrate Judge David R. Grand

JANET JACKSON, in her official
capacity as Oakland County
Commissioner, et al.

Defendants.
_____/

## REPORT AND RECOMMENDATION TO GRANT DEFENDANTS' MOTIONS TO DISMISS (ECF Nos. 9, 10, 11, 14, and 19)

*Pro se* plaintiff Kenneth Taylor filed his complaint on July 29, 2019, against twenty-four defendants, alleging that the tax foreclosure of his home violated his constitutional, statutory and state common law rights.  (ECF No. 1.)  Specifically, he alleges that the Oakland County Treasurer's tax foreclosure of his home violated the prohibition against excessive fines pursuant to the Eighth Amendment, the prohibition against race discrimination pursuant to the Fair Housing Act ("FHA"), 42 U.S.C. § 3601-3619, the prohibition against conspiracy and fraud in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962, and the prohibition against conversion of property under state common law.  (ECF No. 1, PageID.20-27.) In his prayer for relief, he asked for the return of the equity in his former home, injunctive relief, compensatory damages, punitive damages, costs and attorney fees.  (*Id*. at PageID.27-30.)

Before the Court are five motions to dismiss, collectively filed by all of the defendants. (ECF Nos. 9, 10, 11, 14 and 19.)  First, defendants Janet Jackson, Andy Meisner and Oakland County (the "Oakland Defendants") filed a motion to dismiss pursuant to Federal Rules of Civil

Procedure 12(b)(1) and 12(b)(6).  (ECF No. 9.)  Taylor responded and the Oakland Defendants replied.  (ECF Nos. 17, 24.)  Second, defendant Habitat for Humanity of Oakland County, Inc. ("Habitat") filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6).  (ECF No. 10.)  Taylor responded.  (ECF No. 29.)  Third, the Southfield Neighborhood Revitalization Initiative, LLC ("SNR"), Southfield Non-Profit Housing Corporation, Mitchell Simon, Rita Hillman, Lora Brantley-Gilbert, Earlene Trayler-Neal and E'toile Libbetts (the "Non-profit Defendants") filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  (ECF No. 11-1.)  Taylor responded and the Non-profit Defendants replied.  (ECF Nos. 15 and 22.)  Fourth, the City of Southfield, Nancy Banks, Daniel Brightwell, Lloyd Crews, Donald Fracassi, Myron Frasier, Irv Lowenberg, Michael Mandlebaum, Kenson Siver, Sue Ward-Witkowski, Gerald Witkowski and Frederick Zorn (the "Southfield Defendants") filed a Motion to Dismiss based on lack of subject matter jurisdiction.  (ECF No. 14.)  Taylor responded and the Southfield Defendants replied.  (ECF Nos. 16 and 20.)  Fifth, defendant M.S. Title Agency, LLC filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  (ECF No. 19.)  Taylor responded and M.S. Title Agency, LLC replied.  (ECF Nos. 30 and 35.)

The Honorable Stephanie Dawkins Davis entered an order of reference on March 2, 2020, referring all pretrial matters to the undersigned.  (ECF No. 36.)  The Court finds that oral argument will not aid it in resolving the motions, and it declines to hold a hearing.

## I.  RECOMMENDATION

For the reasons stated below, the Court **RECOMMENDS** that the defendants' motions to dismiss (**ECF Nos. 9, 10, 11, 14 and 19**) be **GRANTED**, and that Taylor's complaint be **DISMISSED** in its entirety.

## II.    REPORT

### A.  Background

Taylor previously owned a house located at 23620 Oliver Court, in Southfield, Michigan (the "Property").  (ECF No. 1, PageID.32-33.)  He failed to pay the real estate taxes due on the Property in 2014 and other unidentified prior years.  (*Id.*; *see also* ECF No. 11-3.)  As a result, the Oakland County Treasurer foreclosed on the Property pursuant to the Michigan General Property Tax Act ("GPTA"), M.C.L. § 211.1 *et seq.*  (ECF No. 11-3, PageID.264-68.)  On February 8, 2017, the Oakland County Circuit Court entered a Judgment of Foreclosure in favor of the Oakland County Treasurer.  (ECF No. 11-3.)  Importantly, Taylor did not redeem the Property by paying the outstanding tax liability, nor did he appeal the judgment.  (ECF No. 11-1, PageID.237.)

Thereafter, the Oakland County Treasurer offered the Property to the City of Southfield pursuant to M.C.L. § 211.78m(1).[1]  (ECF No. 11-4, PageID.269.)  The City of Southfield then

---

[1] M.C.L. § 211.78m(1) provides:

> Not later than the first Tuesday in July, immediately succeeding the entry of judgment under section 78k1 vesting absolute title to tax delinquent property in the foreclosing governmental unit, this state is granted the right of first refusal to purchase property at the greater of the minimum bid or its fair market value by paying that amount to the foreclosing governmental unit if the foreclosing governmental unit is not this state. If this state elects not to purchase the property under its right of first refusal, a city, village, or township may purchase for a public purpose any property located within that city, village, or township set forth in the judgment and subject to sale under this section by payment to the foreclosing governmental unit of the minimum bid. If a city, village, or township does not purchase that property, the county in which that property is located may purchase that property under this section by payment to the foreclosing governmental unit of the minimum bid. If property is purchased by a city, village, township, or county under this subsection, the foreclosing governmental unit shall convey the property to the purchasing city, village, township, or county within 30 days. If property purchased by a city, village, township, or county under this subsection is subsequently sold for an amount in excess of the minimum bid and all costs incurred relating to demolition, renovation, improvements, or infrastructure development, the excess amount shall be returned to the delinquent tax

conveyed the Property, along with other tax foreclosed properties, to the SNR.  (ECF No. 11-5, PageID.270.)  SNR works with Habitat to rehabilitate tax-foreclosed properties.  (ECF No. 11-3, PageID.239.)

On September 29, 2017, SNR served Taylor with a Notice to Quit and a Summons and Complaint in the 46th Judicial District Court pursuant to state law.  (ECF No. 11-7, PageID.274-76.)  Pursuant to this Notice, Taylor and SNR entered into a Full and Final Release wherein SNR agreed to pay Taylor $2,000.00 for moving expenses, and Taylor agreed to vacate the Property by November 8, 2017.  (ECF No. 11-6, PageID.271-73.)  Taylor did not vacate the Property, however. (ECF No. 11-1, PageID.240.)  Consequently, SNR evicted Taylor from the Property.  (ECF No. 1, PageID.24.)

Taylor commenced this action by filing his complaint on July 29, 2019.  (ECF No. 1.)  In the introduction of his complaint, Taylor states that he "brings this lawsuit to right a wrong and to assert his liberty interest in his and his family's equity built up over time in his home and an attempt to assert his rights per the U.S. Supreme Court's recent ruling in *Timbs v. Indiana* where the Court held that the Excessive Fines Clause of the Eighth Amendment applies to the states through the Fourteen Amendment."  (ECF No. 1, PageID.2.)  The U.S. Supreme Court decided *Timbs v. Indiana* on February 20, 2019, holding, "[t]he Excessive Fines Clause is []incorporated by the Due Process Clause of the Fourteenth Amendment," such that it applies to the States.  *Timbs v. Indiana*,

---

property sales proceeds account for the year in which the property was purchased by the city, village, township, or county or, if this state is the foreclosing governmental unit within a county, to the land reutilization fund created under section 78n.2 Upon the request of the foreclosing governmental unit, a city, village, township, or county that purchased property under this subsection shall provide to the foreclosing governmental unit without cost information regarding any subsequent sale or transfer of the property. This subsection applies to the purchase of property by this state, a city, village, or township, or a county prior to a sale held under subsection (2).

139 S. Ct. 682, 687 (2019).  But, as discussed below, at least with respect to his present action in this federal district court, *Timbs* does not aid Taylor.

Taylor's complaint is somewhat difficult to piece together.  In Count One, Taylor alleges race discrimination in violation of the FHA, 42 U.S.C. § 3601-3619.  (*Id*.)  This count is plead only against the Oakland Defendants.  (*Id*.)  In Count Four (there are no Counts Two or Three), Taylor alleges conspiracy and fraud in violation of RICO, 18 U.S.C. § 1862, against all defendants.  (*Id*.)  In Count Six (there is no Count Five), Taylor alleges conversion against all defendants.  (*Id*.)  Taylor asserts jurisdiction via the Fair Housing Act, 42 U.S.C. § 3601-3619 and 42 U.S.C. § 1983.  (*Id*. at PageID.11.)

The Oakland Defendants argue that Taylor's complaint is subject to dismissal under the *Rooker-Feldman* doctrine, the Tax Injunction Act ("TIA"), principles of comity, *res judicata* and Federal Rule of Civil Procedure 8(a).  (ECF No. 9.)  Defendant Habitat argues that Taylor's complaint is subject to dismissal because Taylor engages in impermissible group pleading and fails to state a claim upon which relief can be granted against Habitat.  (ECF No. 10, PageID.217.)  Habitat also incorporates by reference the briefs submitted by the other defendants under Federal Rule of Civil Procedure 10(c).  (*Id*.)  Like the Oakland Defendants, the Non-profit Defendants also argue that Taylor's complaint is subject to dismissal because the Court lacks subject matter jurisdiction pursuant to the *Rooker-Feldman* Doctrine, the TIA and principles of comity.  (ECF No. 11-1.)  They also argue that Taylor fails to state a claim under RICO, and that his claims are barred due to the November 2017 Full and Final Release.  (*Id*.)  Likewise, the Southfield Defendants argue that this Court lacks subject matter jurisdiction pursuant to the TIA, principles of comity, the *Rooker-Feldman* doctrine and *res judicata*.  (ECF No. 14.)  Last, Defendant M.S.

Title Agency, LLC argues that it is entitled to a dismissal because the complaint simply identifies it as a defendant without asserting any facts against it.  (ECF No. 19.)

Taylor responded to each of the motions to dismiss.  (ECF Nos. 15, 16, 17, 22, 29.) Although his responses are not identical, they all principally argue that when the Oakland County Treasurer foreclosed his Property, it violated the Eighth Amendment's bar against excessive fines by allegedly taking close to $200,000.00 in equity when that amount exceeded his tax liability. (ECF No. 17, PageID.631.)  He further argues that this Court has subject matter jurisdiction to determine whether Michigan's practice of foreclosing pursuant to the GPTA is unconstitutional pursuant to *Timbs*.  (ECF No. 15, PageID.592; ECF No. 29, PageID.756.)  In short, Taylor asserts that he is not contending that collection of taxes under the GPTA is unconstitutional, but, rather, that retaining the equity he had in the Property after satisfying the tax debt owed through the foreclosure sale is unconstitutional and discriminatory.  (*Id*.)  Specifically, Taylor argues:

> Far differently than most other States, Michigan is among a small minority of states where its legislatures allow county treasurers to take the windfall of equity that vastly outweighs the miniscule amount of taxes owed, allowing counties and insiders to become unjustly enriched at the expense of homeowners suffering a temporary downturn in finances as a result of job loss, an illness, a death in the family, or any of the many woes that affect homeowners.

(ECF No. 16, PageID.607.)

While the Court need not address all of the asserted grounds for dismissal in this Report and Recommendation, for the reasons discussed below, all of the motions to dismiss should be granted, and Taylor's complaint should be dismissed.

6

### B.  Standard of Review

i.      *Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1)*

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) challenges the Court's subject-matter jurisdiction.  "Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted).  *See also e.g., Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 552 (2005).  As "courts of limited jurisdiction, [] Congress may divest them of jurisdiction."  *Anderton v. Bannock County*, No. 14-00114, 2015 WL 428069, at *3 (D. Idaho Feb. 2, 2015).  "The Tax Injunction Act is an example of such a divestiture."  *Id.*  "It is to be presumed that a cause lies outside this limited jurisdiction [] and the burden of establishing the contrary rests upon the party asserting jurisdiction."  *Kokkonen*, 511 U.S. at 377.  *See also Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990).

"Rule 12(b)(1) motions to dismiss for lack of subject-matter jurisdiction generally come in two varieties: a facial attack or a factual attack."  *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007); *United States v. Ritchie,* 15 F.3d 592, 598 (6th Cir. 1994).  A facial attack, like the one made by Defendants, is a challenge to the sufficiency of the pleading itself.  *Ritchie*, 15 F.3d at 598.  "On such a motion, the court must take the material allegations of the petition as true and construed in the light most favorable to the nonmoving party."  *Id*.

ii.      *Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6)*

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests a complaint's legal sufficiency.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556.  Put another way, the complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly*, 550 U.S. at 555-56).

In deciding whether a plaintiff has set forth a "plausible" claim, the Court must accept the factual allegations in the complaint as true.  *Id.*; *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  That tenet, however, "is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," to prevent a complaint from being dismissed on grounds that it fails to comport sufficiently with basic pleading requirements.  *Iqbal*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 555; *Howard v. City of Girard, Ohio*, 346 F. App'x 49, 51 (6th Cir. 2009).  Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

When a court is presented with a motion testing the sufficiency of a complaint, "it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

Pleadings filed by *pro se* litigants are entitled to a more liberal reading than would be afforded to formal pleadings drafted by lawyers. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). Nonetheless, "[t]he leniency granted to pro se [litigants] ... is not boundless," *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004), and "such complaints still must plead sufficient facts to show a redressable legal wrong has been committed." *Baker v. Salvation Army*, 2011 WL 1233200, at *3 (E.D. Mich. Mar. 30, 2011).

### C. Analysis

#### i. *TIA and Principles of Comity*

As stated above, the defendants argue that Taylor fails to establish that this Court has subject matter jurisdiction over his claims. (ECF Nos. 9, 11, 14.) Although defendants argue lack of subject matter jurisdiction due to the *Rooker-Feldman* doctrine, the TIA, and principles of comity, the latter two are undoubtedly the stronger reasons for dismissal. Thus, the Court will focus on explaining why the TIA and principles of comity divest this Court of jurisdiction over Taylor's claims.

The TIA provides, "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. The TIA "was designed expressly to restrict the jurisdiction of the district courts of the United States over suits relating to the collection of State taxes," and the jurisdictional ban applies as long as the State in question provides the taxpayer with a "plain, speedy and efficient" means of challenging the disputed tax collection efforts. *Hibbs v. Winn*, 542 U.S. 88, 104 (2004) (quotation omitted). The TIA's jurisdictional ban clearly includes claims challenging the constitutionality of the tax-collection scheme in question. *Pegross v. Oakland County Treasurer*, 592 F.App'x 380 (6th Cir. 2014); *Rafaeli, LLC v. Wayne Cty.*, No.

14-13958, 2015 WL 3522546, at *5 (E.D. Mich. June 4, 2015) ("[S]tate remedies are plain, adequate, and complete if they provide the taxpayer with a full hearing and judicial determination at which the taxpayer may raise any federal constitutional objections to [the] tax.") (quoting *In re Gillis*, 836 F.2d at 1001 (6th Cir. 1988)).  Thus, the TIA "creates a jurisdictional barrier to the federal courts for claims of declaratory or injunctive relief brought by a party aggrieved by a state's administration of its taxing authority."  *Id.* at 384.  *See also Rosewell v. LaSalle Nat. Bank*, 450 U.S. 503, 522 (1981) (noting that in passing the TIA, Congress wanted "to limit drastically federal district court jurisdiction to interfere with so important a local concern as the collection of taxes").

In addition, comity principles preclude federal courts from awarding damages for state tax collection efforts that violate the United States Constitution and other federal laws.  *Fair Assessment in Real Estate Association, Inc. v. McNary*, 454 U.S. 100, 105-06 (1981).  As the Supreme Court held in *Fair Assessment*:

> [O]ur comity cases have thus far barred federal courts from granting injunctive and declaratory relief in state tax cases.... [W]e decide today that the principle of comity bars federal courts from granting damages relief in such cases....
>
> [W]e hold that taxpayers are barred by the principle of comity from asserting § 1983 actions against the validity of state tax systems in federal courts.

*Id.* at 107.  *See also Rafaeli*, 2015 WL 3522546, at *6.

In opposing the Defendants' motions, Taylor maintains that because the tax foreclosure and transfer of his Property violated the Eighth Amendment's bar against excessive fines, the U.S. Supreme Court's recent ruling in *Timbs* provides this Court with jurisdiction to hear those claims. (*Id.*; ECF No. 1.)  Similarly, he claims that this Court has subject matter jurisdiction over his other claims, including those brought under federal RICO and discrimination statutes.  Regardless of the merits of Taylor's underlying claims, his arguments as to this Court's jurisdiction fail.

Prior to *Timbs*, the case law was clear that between the TIA and principles of comity, federal district courts lacked jurisdiction over a plaintiff's challenges – whether under the U.S. Constitution, or other federal or state law – to the manner in which a State collected taxes.  As explained recently in the Eastern District of Michigan case, *Sinclair v. Meisner*:

> On four recent occasions this court, speaking through four different judges, has addressed situations in which property owners have challenged state foreclosure proceedings under the GPTA.  In each of these occasions the judges consistently determined that the court lacked jurisdiction to entertain claims pursued in federal court that would in some manner "enjoin, suspend, or restrain" the collection of state taxes or the enforcement of the GPTA.  In *Rafaeli*, [] Judge Berg concluded that the TIA and the principles of comity barred federal district courts from considering the plaintiffs' constitutional challenges to the GPTA. Judge Berg determined that plaintiff's challenges were "for claims of declaratory or injunctive relief brought by a party aggrieved by a state's administration of its taxing authority" and that "a plain, adequate, and complete remedy [was] available in the state courts." []
>
> The following year Judge Levy considered claims of a purported class action that brought constitutional and statutory challenges regarding the Michigan GPTA.  In *Hammoud v. County of Wayne*, 2016 WL 4560635 (E.D. Mich. 2016), aff'd 697 Fed. App'x 445 (6th Cir. 2017), Judge Levy, contrary to the plaintiff's argument, determined that the constitutional claims and some of the state statutory claims sought to "set aside the judgments of foreclosure, vest title back in plaintiffs' names, and permit plaintiffs to pay the back taxes owed" and therefore that relief "would certainly 'enjoin, suspend or restrain the assessment, levy or collection of a [ ] tax under State law'" thus triggering the prohibitions of the TIA and requiring the dismissal of those claims.  [] The opinion further noted that various state court remedies were available to plaintiffs, citing a number of state court cases in which similar claims were adjudicated.  . . .
>
> In *Freed v. Thomas*, 2018 WL 5831013 (E.D. Mich. Nov. 7, 2018) Judge Friedman dismissed, for lack of subject matter jurisdiction, constitutional claims regarding the Michigan GPTA based on the TIA and comity principles. []  Judge Friedman, echoing the views of several other judges, characterized the GPTA as an "unfair tax collection regimen" but was bound by *Wayside Church v. Van Buren County*, 847 F.3d 812 (6th Cir. 2017) to rule that the federal district courts, when adequate remedies exist in Michigan courts, did not have subject matter jurisdiction over challenges to the GPTA.  []  Citing *Wayside Church* again, Judge Friedman found that the plaintiff had adequate state remedies, even if those remedies were not likely to result in the relief plaintiff was seeking.  []

More recently, Judge Borman dismissed a complaint with a strikingly similar
set of claims to the present amended complaint.  In *Edwards v. Meisner*, 2019
WL 78890 (E.D. Mich. Jan. 2, 2019) the plaintiff had attempted to challenge
the tax foreclosure sale of his residence in the City of Southfield through
litigation in Oakland County Circuit Court.  That effort proved unsuccessful
for the plaintiff and the Southfield Neighborhood Revitalization Initiative,
LLC, the title holder to the property following the foreclosure sale, obtained
a judgment of eviction from a state district court. Plaintiff filed the complaint
in federal court and sought a preliminary injunction to halt the eviction
pursuant to the state court order.  Judge Borman denied the motion for a
preliminary injunction and, *sua sponte*, dismissed the complaint for lack of
subject matter jurisdiction.  . . . Judge Borman [] [held] that the TIA and
comity principles barred the district court from assuming jurisdiction of
plaintiff's claims in that in order to grant the relief plaintiff requested the court
would have to "enjoin, suspend or restrain the assessment, levy or collection
of [a] tax under State law."  28 U.S.C. § 1341.  Judge Borman recognized the
requirement, for application of the TIA and comity principles, that an
adequate state court remedy must exist and pointed to plaintiff's efforts to
litigate the same issues in state court prior to filing the action in federal court
as proof that such remedies existed.  . . .

*Sinclair v. Meisner*, No. 18-14042, 2020 WL 2393356, at *4–5 (E.D. Mich. Jan. 9, 2020), report
and recommendation adopted, No. 2:18-CV-14042, 2020 WL 1149957 (E.D. Mich. Mar. 10,
2020).

Although there is no shortage of cases reaching similar conclusions pre-*Timbs*, there are

no cases in this Circuit that directly address whether *Timbs* changes the subject matter jurisdiction

analysis in these types of cases.  However, an extremely recent and analogous Eastern District of

Michigan case certainly suggests *Timbs* does not alter the analysis.  In *Rose v. Oakland County*

*Treasurer*, 2020 WL 871304 (E.D. Mich., February 21, 2020), the plaintiff lost her house to a tax

foreclosure under Michigan's GPTA.  She made no attempt to redeem the home, and instead

commenced a civil action in Michigan state court.  After her case was dismissed by the trial court,

she failed to timely appeal to the Michigan Court of Appeals.  She then brought an action in the

Eastern District of Michigan, asserting numerous claims, including the exact one at the center of

Taylor's instant action, that "the foreclosure of the home and seizure of the plaintiff's equity in

excess of the back taxes owed was barred by the Excessive Fines Clause of the Eighth Amendment,

citing *Timbs*" *Rose*, 2020 WL 871304, at *2.  Although Judge Lawson dismissed the case largely

for other reasons, he noted that the *Timbs* "decision was issued in February 2019, two months

before the Michigan Court of Appeals issued its order denying the plaintiff's application to appeal

for want of merit.  The plaintiff never pursued an appeal of that denial in the Michigan Supreme

Court, ***and she has not explained why she could not or did not fully litigate the Excessive Fines***

***Clause claim premised on the supposed "sea change" wrought by Timbs in the Michigan Court***

***of Appeals*** or in an appeal from its ruling to the Michigan Supreme Court."  *Id.*, at *6 (emphasis

added).

Just as the plaintiff in *Rose* could have raised the *Timbs* issue in her state court action,

Taylor could have brought his claims in a state court action of his own.  Indeed, the Sixth Circuit

has previously found that Michigan's laws for challenging tax collection under the GPTA meet

the "plain, speedy and efficient remedy" requirement of the TIA.[2]  Although it may be counter-

intuitive to a layperson, the law is clear that federal district courts have "original" jurisdiction over

claims arising under the United States Constitution and federal laws, but not "exclusive"

jurisdiction over such claims.  28 U.S.C.A. § 1331 ("The district courts shall have original

jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United

States.").  Thus, even assuming *Timbs* gives taxpayers a new vehicle for challenging a state's tax

collection procedures, nothing in that decision conflicts with the TIA's prohibition against federal

district courts exercising jurisdiction over such claims.

A recent district court case out of the Ninth Circuit also concluded that *Timbs* did not

change the fact that, pursuant to the TIA, federal district courts lack jurisdiction to consider a

taxpayer's claim that a state's tax collection efforts resulted in the imposition of an "excessive

---

[2] *See, e.g.*, *Rose*, 2020 WL 871304; *Rafaeli,* 2015 WL 3522546; *Hammoud*, 2016 WL 4560635.

fine" in violation of the Eighth Amendment.  *See Gonsalez v. Employment Development Department*, 18-cv-08607, 2019 WL 5107099 (C.D. Cal. June 18, 2019), report and recommendation adopted sub nom. *Gonsalez v. Employment Dev. Dep't EDD*, 2019 WL 4302251 (C.D. Cal. Sept. 10, 2019).  In *Gonsalez*, the Employment Development Department of California conducted an audit on the plaintiff's business, and consequently assessed a tax liability of $11,484.27.  *See Gonsalez*, at *2.  By the time the plaintiff filed her federal complaint, there had been multiple demands for payments and penalties assessed, increasing her liability to $80,093.36. *See id*.  The plaintiff filed a complaint alleging the collection of the tax and penalties violated her Eighth Amendment rights, and asserting jurisdiction pursuant to 42 U.S.C. § 1983.  The court granted the motions to dismiss filed by EDD and individual defendants.  *Id*. at *1.  The Magistrate Judge thoroughly addressed the application of *Timbs* to the case, explaining:

> The Eighth Amendment prohibition against excessive fines is not new law, even if it was not previously applied to the states.  Plaintiff does not cite to, nor has the Court been able to find, any case law applying the Eighth Amendment to hold a similar federal tax or related penalty unconstitutional. In fact, case law exists to the contrary.  *See Larson v. United States*, 888 F.3d 578, 587 (2nd Cir. 2018) (finding district court lacked subject matter jurisdiction, pursuant to the Anti-Injunction Act, over an Eighth Amendment excessive fines claim challenging a $61 million tax penalty assessed by the Internal Revenue Service).

> However, as the Second Circuit noted in *Larson*, requiring taxpayers to pay significant sums of taxes as a condition precedent to obtaining any judicial review is troubling where the taxpayer is unable to pay and may never be able to challenge the assessment.  *See Larson v. United States*, 888 F.3d 578, 587 (2nd Cir. 2018)  In essence, state or federal judicial review of alleged Constitutional violations truly is not available to citizens in such a circumstance.  ***However, this Court is bound by Supreme Court and Ninth Circuit precedents which have clearly found that California's tax refund remedy is generally a "plain, speedy and efficient" remedy under the Act, which divests the district court of jurisdiction.***  *Franchise Tax Bd. v. Alcan Aluminum*, 493 U.S. 331, 338 (1989); *Jerron W., Inc. v. State of Cal., State Bd. of Equalization*, 129 F.3d 1334, 1339 (9th Cir. 1997), as amended (Jan. 29, 1998).

> *As such, Timbs and its application of the Eighth Amendment excessive fines prohibition to the states does not change the outcome of the case. For all of these reasons, the Court is barred from exercising jurisdiction over Plaintiff's claims pursuant to the Tax Injunction Act.*

*Gonsalez, supra*, at *6-*7 (footnote omitted) (emphasis added).  In other words, the court held that even if the challenged "condition precedent" to obtaining judicial review violated the taxpayer's Eighth Amendment rights under *Timbs*, that did not change the fact that, pursuant to the TIA, the federal district court lacked jurisdiction over that claim.  The same analysis applies here, though it favors the defense even more strongly than it did in *Gonsalez*.

For Taylor to succeed on his Eighth Amendment, FHA, RICO and common law conversion claims, this Court would have to find that the Oakland County Treasurer's administration of the GPTA violated his rights under the United States Constitution and/or other federal and state laws. *See Fair Assessment, supra* at 113; *Gonsalez*, 2019 WL 5107099, at *7; *Hill v. Carpenter*, 323 Fed. Appx. 167, 168 (3rd Cir. 2009) (upholding district court dismissal of action under Section 1983 alleging RICO violations on the grounds that TIA and principle of comity barred jurisdiction); *Zewadski v. City of Reno*, No. 3:05-CV-0173, 2006 WL 8441737, at *7 (D. Nev. Mar. 9, 2006) ("Under normal circumstances, claims for violations of RICO would not be barred by the Tax Injunction Act.  However, Plaintiff's allegations make it clear that his RICO claims are a veiled attempt to challenge or otherwise assail the manner in which the Special Assessment District was created and operated by the Reno City Council.  Such complaints concerning the administration of the tax system are barred by the Tax Injunction Act and principles of comity.").  Indeed, the factual allegations of Taylor's complaint all relate to the Oakland County Treasurer's tax foreclosure sale under the GPTA.  (ECF No. 1.)  And, Taylor's prayer for relief – seeking the return of the equity of his former home, injunctive relief, compensatory damages, punitive damages, costs and attorney fees – all require the Court to assess the tax foreclosure sale under the

GPTA.  (*Id*. at PageID.27-30.)  But, because the Sixth Circuit has found that Michigan's laws for challenging tax collection under the GPTA meet the "plain, speedy and efficient remedy" requirement of the TIA, this Court lacks jurisdiction over any such claim.

In short, even *if* under *Timbs*, Taylor could show the tax collection efforts he complains about constituted an excessive fine in violation of the Eighth Amendment (or a violation of some other federal or state statute), under the TIA and principles of comity, this Court simply has no jurisdiction over such a claim.  Moreover, unlike in *Gonsalez*, where the concern was that the challenged "condition precedent" effectively operated to bar judicial review in both federal *and state court*, here, Taylor provides no reason why he could not have brought his claims in state court.  Again, while federal district courts have "original" jurisdiction over claims arising under the United States Constitution and federal laws, they do not have "exclusive" jurisdiction over such claims.  28 U.S.C.A. § 1331.  Rather than filing his instant complaint in this Court, Taylor could have, and, in fact, was required to have filed it in the appropriate Michigan state court. Because this Court lacks jurisdiction over Taylor's claims, they should be dismissed.

Taylor's other arguments do not change the analysis.  He contends that the aforementioned principles do not apply here because he is not challenging the collection of taxes under the GPTA, but the collection of "equity."  (ECF No. 15, PageID.592; ECF No. 29, PageID.756.)  However, this argument is nothing more than semantics; in the end, for this Court to afford Taylor the relief he seeks, it must find that the operation of the GPTA was unconstitutional or otherwise unlawfully applied to him and his Property.  *See Fair Assessment, supra*, at 113; *Gonsalez*, 2019 WL 5107099, *6-7; *Hill*, 323 Fed. Appx. at 168; *Zewadski*, 2006 WL 8441737, at *7.  But again, under the TIA, this Court lacks jurisdiction over any such claim.

16

Similarly, Taylor's claims for compensatory and punitive damages are barred by principles of comity. Although Taylor's complaint is unclear as to which remedies are sought pursuant to which causes of action, it is clear that his prayer for relief is based on the Oakland Treasurer's tax foreclosure. (ECF No. 1, PageID.27-30.) Permitting Taylor to proceed in this Court with his constitutional, FHA, RICO or state common law conversion claims would interfere with the State's ability to collect property tax assessments, and is therefore barred by the principles of comity. *Fair Assessment*, 454 U.S. at 116 ("[T]axpayers are barred by the principle of comity from asserting § 1983 actions against the validity of state tax systems in federal courts. Such taxpayers must seek protection of their federal rights by state remedies, provided of course that those remedies are plain, adequate and complete."); *Rafaeli*, 2015 WL 3522546, at *6. As such, comity principles bar this Court from hearing these aspects of Taylor's claims, as well.

## ii.   *Failure to State a Claim for Relief – Pleading Deficiencies*

While this Court lacks subject matter jurisdiction over all of Taylor's claims because, at bottom, they all attack the property tax collection procedures pursuant to which he claims to have been harmed, *see supra* at 15, even if the Court had jurisdiction over his claims (or certain of them), they would be subject to dismissal because he failed to plead sufficient facts in his complaint.

### a.   *Claims against Habitat and M.S. Title*

Pursuant to Federal Rule of Civil Procedure 8(a), plaintiffs are obligated to make, at the very least, "a short and plain statement of the claim showing the pleader is entitled to relief." *See* Fed. R. Civ. P. 8(a). Counsel for Habitat and M.S. Title both claim that Taylor failed to do this with regard to their clients, and the Court agrees. (ECF Nos. 10 and 19.) With regard to Habitat for Humanity, Taylor simply groups the non-profit with the other twenty-three defendants without

any specific allegations showing why he is entitled to relief against Habitat. (ECF Nos. 1 and 10.) Worse yet, Taylor only names M.S. Title Agency in the caption to his complaint, and does not plead any other facts showing he is entitled to relief from M.S. Title.  (ECF Nos 1 and 19.)  As such, although Taylor's claims against Habitat and M.S. Title Agency are barred by the TIA and principles of comity, they should also be dismissed under Federal Rule of Civil Procedure 8(a). *Langford v. Prima*, No. 17-CV-11862, 2018 WL 659247, at *3 (E.D. Mich. Feb. 1, 2018).

      *b.    RICO Claim*

Taylor's RICO claim, which he labels, "Conspiracy and Fraud in Violation of the Racketeer Influenced and Corrupt Organizations Act," is insufficiently pled and must be dismissed.

First, "[a] civil RICO claim cannot be brought against a municipal corporation, because a governmental entity is incapable of forming the malicious intent necessary to state such a claim." *Hammoud*, 2016 WL 4560635, at *6.  Consequently, the municipal defendants are entitled to dismissal.

Second, "[i]n order to establish a pattern of racketeering activity required to state a civil RICO claim, *see Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 496 (1985), a plaintiff must show at least two predicate acts of racketeering activity occurring within a ten-year period.  18 U.S.C. § 1961(5). . . . The pleading standard for civil RICO is high."  *Id.*, at *6, 8.  And, fraud claims must be pled with particularity.  Fed. R. Civ. P. 9(b).  "Racketeering activity" is defined as including the violation of certain laws, not compliance with them.  18 U.S.C. § 1961(1).  Here, however, Taylor's real claim is that application of the GPTA to his situation violated his rights. While Taylor challenges the tax foreclosure sale as an "improper property transfer," he includes no facts regarding an agreement between alleged co-conspirators, no facts that would constitute

18

fraud, and no facts as to the alleged "predicate acts" that form that basis of his RICO claim.  (ECF No., PageID.21-23.)  Rather, he seems to simply challenge the County's initial conveyance to the City of Southfield, which took place *after* the final judgment of foreclosure, and pursuant to M.C.L. § 211.78m(1).  (*Id.*, PageID.22.)  But, again, a conveyance made pursuant to statute cannot be an unlawful act of racketeering.  18 U.S.C. § 1961(1).  *See also e.g., Dockery v. Heretick*, No. CV 17-4114, 2019 WL 2122988, at *17 (E.D. Pa. May 14, 2019) (". . . if Defendants did not violate the mail fraud statute, the other two provisions [which rest on a violation of the mail fraud statute] cannot be predicate acts."); *In re Mona Lisa at Celebration, LLC*, 472 B.R. 582, 639 (Bankr. M.D. Fla. 2012), aff'd, 495 B.R. 535 (M.D. Fla. 2013) ("The Court already has held that Mona Lisa did not violate any of these statutes and, therefore, no predicate act exists.").  And, although Taylor complains that when Southfield conveyed the Property to SNR, he was unable to bid on it (*Id.*, PageID.23), that too was due not to "fraud," but to Oakland County's "Land Sale Rules," which provide, "Taxpayers with delinquencies on any Oakland County property at the time of registration for the sale or taxpayers who have lost property to tax foreclosure during the past three years are not eligible to participate in the Oakland County October Land Sale."  *See* https://www.oakgov.com/treasurer/real-estate/Pages/Land-Sale-Rules.aspx (last visited July 14, 2020).  While this Rule may make even more acute the "unfairness" of the GPTA observed by numerous judges in this district, *Sinclair*, 2020 WL 2393356, at *5, compliance with it cannot constitute "fraud" or an unlawful act of racketeering.

c.      *Race Discrimination*

Taylor alleges that the "Oakland County Defendants'[3] policies caused African-American Plaintiff and other mostly African-American homeowners in Southfield to lose their homes through tax foreclosure at a higher rate than non-African-American homeowners in Oakland County and allowed a non-African-American family the opportunity to repurchase their tax-foreclosed home for less than $11,000 (See Exhibit 8)."  (ECF No. 1, PageID.20.)  This allegation fails to plead factual content sufficient to state a claim for relief.  *Iqbal*, 556 U.S. 662, 678; *Twombly*, 550 U.S. at 556.  First, Taylor fails to specify the "policies" that supposedly caused the harm he alleges.  Second, the very document Taylor points to as supporting the allegation about the "non-African-American family" disproves that allegation.  Exhibit 8 to Taylor's complaint shows that the grantee was "D S Development Company," and that the grantor was not any of the "Oakland County Defendants," but SNR.  (ECF No.1, PageID.70.)  For all of these reasons, Taylor's race discrimination claim fails as a matter of law.

## III.   CONCLUSION

For the reasons stated above, the Court **RECOMMENDS** that the defendants' motions to dismiss (**ECF Nos. 9, 10, 11, 14 and 19**) be **GRANTED**, and that Taylor's complaint be **DISMISSED** in its entirety.

Dated: July 14, 2020                                        s/David R. Grand
Ann Arbor, Michigan                                    DAVID R. GRAND
                                                                       United States Magistrate Judge

---

[3] Taylor identifies the "Oakland County Defendants" as "Janet Jackson, Andy Meisner, and Oakland County." (ECF No. 1, PageID.12)

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.  A party may respond to another party's objections within 14 days after being served with a copy.  *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1).  Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 14, 2020.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager

21