UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH TAYLOR,

                     Plaintiff,                     Civil Action No. 19-12548

v.                                          David M. Lawson
                                        United States District Judge

JANET JACKSON, ANDY MEISER,       David R. Grand
COUNTY OF OAKLAND, CITY OF       United States Magistrate Judge
SOUTHFIELD, FREDERICK ZORN,
GERALD WITKOWSKI, SUE WARD-
WITKOWSKI, IRV LOWENBERG,
MICHAEL MANDLEBAUM, DONALD
FRACASSI, DANIEL BRIGHTWELL,
MYRON FRASIER, LLOYD CREWS,
NANCY BANKS, SOUTHFIELD NON-
PROFIT HOUSING CORP., MITCHELL
SIMON, RITA FULGIAM-HILLMAN, LORA
BRANTLEY-GILBERT, EARLENE TRAYLER-
NEAL, SOUTHFIELD NEIGHBORHOOD
REVITALIZATION INITIATIVE, LLC,
ETOILE LIBBETT, HABITAT FOR HUMANITY,
M.S. TITLE AGENCY, LLC, and KENSON SIVER,

                     Defendants.
_____/

**REPORT AND RECOMMENDATION ON PLAINTIFF'S
MOTION TO REOPEN CASE AND MOTION FOR
LEAVE TO FILE AN AMENDED COMPLAINT (ECF No. 46)**

When a taxpayer fails to pay his property taxes, the taxing authority typically

collects the unpaid taxes through a foreclosure process. This case involves a recent and

monumental sea-change in the law in the Sixth Circuit with respect to the taxpayer's

rights to receive the equity in his home following such a foreclosure when the home's

value exceeds the amount of the unpaid property taxes.  In short, numerous courts in this Circuit had previously held that, under the Tax Injunction Act ("TIA") and principles of comity, they lacked subject matter jurisdiction over a taxpayer's challenge to a local taxing authority's right to retain tax foreclosure proceeds in excess of the unpaid tax liability.  Recently, however, the Sixth Circuit overruled that precedent and recognized that "neither the TIA nor comity bar federal jurisdiction" over such claims. *Freed v. Thomas*, 976 F.3d 729, 741 (6th Cir. 2020).  Even more recently, the Sixth Circuit went further and explained that where a taxing authority "[takes] property worth vastly more than the debts [the taxpayer] owed, and fails[] to refund any of the difference[,] [i]n some legal precincts that sort of behavior is called theft." *See Hall v. Meisner*, 51 F.4th 185, 196 (6th Cir. 2022) (internal quotations omitted).  And, from a civil litigation perspective, the Sixth Circuit held that "the County [taxing authority] took the plaintiffs' property without just compensation, in violation of the Takings Clause." *Id.*

The plaintiff in this case, Kenneth Taylor ("Taylor"), alleges that he is a victim of such a "theft" and unlawful taking.  Representing himself *pro se*, he commenced this action to challenge a foreclosure process that resulted in the foreclosure of his home over an unpaid property tax liability.  The foreclosure resulted in Taylor losing his entire interest in his house, even though that value allegedly far exceeded his tax liability. Taylor asserted that he had a "liberty interest in his [] equity built up over time in his home," and that the foreclosure procedures violated his rights under the Fifth Amendment (due process), Eighth Amendment (excessive fines), and Fourteenth Amendment (equal protection), in addition to violating various other federal and state

laws. (ECF No. 1, PageID.2, 4).

The Court dismissed Taylor's case, concluding, based on pre-*Freed* caselaw, that it lacked subject matter jurisdiction over his claims. Although Taylor did not appeal that dismissal, in light of the timing of the Sixth Circuit's *Freed* decision, which found federal district courts do have jurisdiction to hear such claims, Taylor filed the instant motion to reopen his case so he could amend his complaint and seek redress for the alleged unconstitutional taking and violation of his rights under federal and state law. (ECF No. 46, 46-1). For the reasons explained below, Taylor's motion presents exceptional circumstances, and the case should be reopened to allow him an opportunity to address what may otherwise be a manifest injustice.

## I. REPORT

### A. Background

Taylor owned a house in Southfield, Michigan (the "Property"). When he failed to pay the real estate taxes due on the Property in 2014 and other prior years, the Oakland County Treasurer foreclosed on the Property pursuant to the Michigan General Property Tax Act ("GPTA"), M.C.L. § 211.1, *et seq.*.[1] On February 8, 2017, a Judgment of Foreclosure was entered in favor of the Oakland County Treasurer. Taylor did not redeem the Property by paying the outstanding tax liability, nor did he appeal the Judgment of Foreclosure. Pursuant to the then-applicable provision of the GPTA, the Oakland County Treasurer did not put the Property up for auction, but instead offered it

---

[1] Certain aspects of the GPTA have since been amended to address many of the issues discussed herein.

to the City of Southfield, who then conveyed it to the Southfield Neighborhood Revitalization Initiative, LLC ("SNR"), which works with Habitat for Humanity to rehabilitate tax-foreclosed properties.  Despite allegedly having equity in the home that far exceeded the amount of his unpaid property taxes, Taylor received nothing. Ultimately, when Taylor refused to vacate the Property, SNR evicted him.

On August 29, 2019, Taylor, then proceeding *pro se*, filed his complaint in this case against twenty-four defendants, including Oakland County, the City of Southfield, and SNR, asserting claims for race discrimination in violation of the Fair Housing Act, conspiracy and fraud in violation of RICO, and conversion under state law.  (ECF No. 1, PageID.20-27).  However, Taylor's complaint also alleged that the defendants' foreclosure scheme violated his rights under the Fifth Amendment (due process), Eighth Amendment (excessive fines), and Fourteenth Amendment (equal protection) to the United States Constitution.  (*Id.*, PageID.2).  Taylor's claims stemmed from both the tax foreclosure of the Property *and* the post-foreclosure taking and retaining of the equity he had in the Property.

Various groups of defendants filed motions to dismiss, and this Court issued a Report and Recommendation (the "R&R"), finding, based on pre-*Freed* precedent, that the TIA and principles of comity barred Taylor's claims.  (ECF No. 40).  Thus, the Court recommended that Taylor's complaint be dismissed for lack of subject matter jurisdiction.  (*Id.*).  No objections were filed to the R&R, and it was adopted by the District Court on November 12, 2020.  (ECF No. 41).  Judgment was entered on November 16, 2020, dismissing Taylor's complaint without prejudice.  (ECF No. 42).

4

Taylor did not file an appeal with the Sixth Circuit.

In between issuance of the R&R and its adoption, the Sixth Circuit issued its decision in *Freed*, holding that: (1) the TIA does not bar federal jurisdiction over claims against a governmental unit for taking property after collecting a tax debt without providing just compensation; and (2) principles of comity do not prevent a lawsuit from proceeding in federal court when that lawsuit is not challenging the validity of Michigan's tax procedures but, rather, is challenging an alleged unconstitutional taking and excessive fine. *See Freed*, 976 F.3d at 734. In other words, the R&R's ultimate conclusion, and the District Court's order adopting it, were contrary to the holdings in *Freed*.

Taylor, now with the assistance of counsel, seeks to reopen the case to pursue certain claims which he argues are permissible under *Freed*. (ECF No. 46). Specifically, Taylor seeks permission to file an amended complaint that "will cure any existing defects, limiting the claims to post-foreclosure claims, against a limited number of defendants, relating solely to the illegal taking of the equity of his real property above and beyond the amount of past due property taxes." (*Id.*, PageID.849-50).

**B.    Analysis**

*1.    The Case Should be Reopened Pursuant to Rule 60(b)(6)*

Taylor first moves to reopen this case pursuant to Federal Rule of Civil Procedure 60(b)(6).[2]  (ECF No. 46). Rule 60(b)(6) provides that, on motion and just terms, "the

---

[2] Taylor also relies on Fed. R. Civ. P. 60(b)(5) as a basis for reopening the case. (ECF No. 46).

court may relieve a party or its legal representative from a final judgment, order, or proceeding for … any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).  Courts have recognized that "Rule 60(b)(6) serves as a 'catchall' provision to provide relief from judgment for reasons that are not explicitly enumerated by Rules 60(b)(1)-(5)." *Billops v. Target Corp.*, No. 12-15395, 2022 WL 16950260, at *2 (E.D. Mich. Nov. 15, 2022) (citing *Kemp v. United States*, 142 S. Ct. 1856, 1861 (2022)).  A party must seek relief under Rule 60(b)(6) within a "reasonable time." Fed. R. Civ. P. 60(c)(1).  "Importantly, courts must apply Rule 60(b)(6) relief only in unusual and extreme situations where principles of equity mandate relief." *Billops*, 2022 WL 16950260, at *2 (internal quotations omitted) (citing *Blue Diamond Coal Co. v. Trustees of UMWA Combined Ben. Fund*, 249 F.3d 519, 524 (6th Cir. 2001)).  The particular facts of this case, the issues at stake, and the way in which the law has evolved since the Court issued its R&R make clear that this is such a situation.

> a.   *Taylor Filed His Motion Within a Reasonable Time*

Some of the defendants argue that Taylor did not file the instant motion within a "reasonable time." (*E.g.*, ECF No. 49, PageID.1126-29).  For Rule 60(b)(6) motions, "the 'reasonable time' clock begins ticking when the movant is or should be aware of the

---

This rule allows a court to relieve a party from a final judgment or order if "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable[.]"  Fed. R. Civ. P. 60(b)(5). "Subsection (b)(5) is based on the historic power of a court of equity to modify its decree in the light of changed circumstances." *Franklin v. Haak*, No. 19-10137, 2021 WL 1811556, at *4 (E.D. Mich. May 6, 2021) (internal quotations omitted).  Here, where the Court finds that Rule 60(b)(6) provides an appropriate basis for reopening the instant case, it need not consider Rule 60(b)(5)'s application.

factual basis for the motion." *Ghaleb v. Am. Steamship Co.*, 770 F. App'x 249, 249 (6th Cir. 2019). Whether the motion was filed within a reasonable time "ordinarily depends on the facts of a given case including the length and circumstances of the delay, the prejudice to the opposing party by reason of the delay, and the circumstances compelling equitable relief." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990).

The Sixth Circuit's decision in *Freed* was issued on September 30, 2020, and the District Court entered judgment in favor of the defendants in this case about six weeks later, on November 16, 2020. Taylor did not file the instant motion until November 12, 2021. The City of Southfield defendants characterize this timing as reflecting a "clear lack of diligence" (ECF No. 49, PageID.1128), but the Court is not persuaded that such a characterization is appropriate. It is not at all clear when Taylor became aware of the *Freed* decision; when he approached and/or retained counsel to represent his interests in this matter in light of the change in law; or the extent of the investigation conducted by counsel into the facts underlying Taylor's claims before accepting representation. Moreover, researching and drafting the instant motion clearly took significant time and effort; indeed, the amount of briefing generated in response demonstrates that Taylor's attorneys reasonably anticipated the need to ensure that its basis was both factually and legally sound. Finally, as Taylor points out in one of his reply briefs, courts have granted motions under Rule 60(b)(6) that were filed more than one year after entry of judgment. (ECF No. 54, PageID.1303 (citing *Fuller v. Quire*, 916 F.2d 358 (6th Cir. 1990) (Rule 60(b)(6) motion granted when filed 22 months after judgment entered) and *Greyson v. Metro. Life Ins. Co.*, No. 3:13-cv-00678, 2018 WL 3655388, at *5-6 (M.D. Tenn. Aug. 2,

2018) (Rule 60(b)(6) motion granted when filed 15 months after entry of judgment))).

Thus, under the unique circumstances presented in this case, the Court finds that Taylor's

instant motion was filed within a reasonable time for purposes of Rule 60(c)(1).

### b.    *Extraordinary Circumstances Exist Warranting Relief*

To be entitled to reopen his case, Taylor must also show "extraordinary

circumstances" warranting relief under Rule 60(b)(6).  As this Court has recognized:

> Intervening developments in the law by themselves rarely constitute
> the extraordinary circumstances required for relief under Rule
> 60(b)(6).  Instead, courts have relied on an applicable change in
> decisional law, coupled with some other special circumstance, in
> order to grant Rule 60(b)(6) relief.

*Billops*, 2022 WL 16950260, at *4 (internal quotations and citations omitted).  Moreover,

the additional "special circumstances" warranting relief must generally be connected to

the change in law itself.  *Id.* at *5 (citing *Overbee v. Van Waters & Rogers*, 765 F.2d 578,

580 (6th Cir. 1985) (finding that "extraordinary circumstances" justified relief based on a

change in law because the state supreme court "reversing itself within one year is

certainly an unusual occurrence," and the plaintiffs would have prevailed under the new

law)).  "But, crucially, 'a Rule 60(b)(6) motion is not a substitute for an appeal,' and

cannot be used to rectify potentially 'unwise' strategic decisions."  *Id.* (quoting *GenCorp,*

*Inc. v. Olin Corp.*, 477 F.3d 368, 373-74 (6th Cir. 2007)).

In this case, as set forth above, Taylor argues that the rationale articulated by the

Court for dismissing his post-foreclosure claims – namely, that such claims are barred by

the TIA and principles of comity – no longer applies after *Freed*.  (ECF No. 46,

PageID.854-58).  Specifically, citing a number of cases that had so held, the R&R found

that Taylor's claims were a challenge to Michigan's tax collection scheme, and "[p]ermitting Taylor to proceed in this Court with his constitutional, FHA, RICO or state common law conversion claims would interfere with the State's ability to collect property tax assessments, and is therefore barred by the principles of comity."  (ECF No. 40, PageID.822-28).  The District Court accepted the R&R and dismissed Taylor's claims on this basis.  (ECF No. 41).

While the R&R was pending, but prior to its adoption by the District Court, the Sixth Circuit held in *Freed* that the "TIA does not preclude the exercise of federal jurisdiction in [these types of] case[s] because [the plaintiff] is not attempting to enjoin Michigan's assessment, levy, or collection of a state tax."  *Freed*, 976 F.3d at 734. Specifically, the *Freed* court stated:

> The Supreme Court explained that the discrete act of "collection" as used in the TIA constitutes "the act of obtaining payment of taxes due."
>
> This is not such a suit.  Freed does not seek to anticipatorily restrain collection of a state tax.  Michigan collected the taxes due when it sold Freed's property and used the proceeds to satisfy Freed's tax liability.  The collection procedure – "the act of obtaining payment of taxes due," – terminated when the State satisfied the $1,100 tax debt from the proceeds of the sale of Freed's property.  Freed's feud with the State arises from *post-collection* actions, specifically Michigan's refusal to refund the excess proceeds of the sale of Freed's property and failure to reimburse Freed for the surplus equity in his home.

*Id.* at 735 (emphasis in original) (internal citations omitted).  Thus, in a case where the state "took [the plaintiff's] property – the surplus sale proceeds and excess equity – after collecting his tax debt without providing just compensation," the *Freed* court held that

9

the TIA did not bar a federal court suit arising from post-foreclosure actions.[3]  *Id.* at 737.

Overall, there can be little doubt that *Freed*, the case on which Taylor relies in seeking to reopen this case, fundamentally changed the law underpinning the Court's prior decision in an unexpected and unforeseen way.[4]  The claims Taylor now seeks to pursue are strikingly similar to those permitted to proceed by the *Freed* court, and, thus, had *Freed* been decided at the time the Court issued its R&R, and had the Court been aware of that decision, it would have ruled differently.[5]

The Court is cognizant of the fact that "changes in the judicial interpretation of the law are common, and necessarily result in divergent judgments," and that relief should not be granted under Rule 60(b)(6) absent genuinely "unusual and extreme" circumstances.  *Blue Diamond Coal*, 249 F.3d at 524, 526.  At the same time, however,

---

[3] The *Freed* court also clarified that principles of comity do not prevent a lawsuit like the one Taylor seeks to bring – challenging an unconstitutional post-foreclosure taking – from proceeding in federal court.  *See Freed*, 976 F.3d at 737-38 (although the plaintiff's lawsuit "arises as an ancillary result of and is related to Michigan's tax foreclosure scheme … at bottom, [it] seeks compensation from an alleged unconstitutional taking and excessive fine" and, thus, may proceed in federal court).

[4] Indeed, none of the defendants dispute that the principal reasons for the Court's prior dismissal of Taylor's claims – i.e., the TIA and principles of comity – are now legally incorrect under binding Sixth Circuit precedent.

[5] Some of the defendants argue that Taylor waived his right to relief under the circumstances because he did not file objections to the R&R or challenge the District Court's order.  (ECF No. 49, PageID.1127-29).  As an initial matter, the Court notes that Taylor was proceeding *pro se* at the time the R&R was issued and, thus, was without the benefit of counsel.  Moreover, the R&R was issued on July 14, 2020, and *Freed* was not decided until September 30, 2020, well after any objections to the R&R were due.  And, while it is true that the Sixth Circuit decided *Freed* before the R&R was adopted, it appears that neither the District Court nor any of the litigants were aware of *Freed*, as no mention of that decision was made prior to the filing of the instant motion.  Under these circumstances, the Court agrees with Taylor that it would be "unfair to hold [him] to a higher standard than everyone else."  (ECF No. 54, PageID.1304).

10

the rule "confers broad discretion on the trial court to grant relief when appropriate to accomplish justice; it constitutes a grand reservoir of equitable power to do justice in a particular case … and should be liberally construed when substantial justice will thus be served."  *Thompson v. Bell*, 580 F.3d 423, 444 (6th Cir. 2009) (quoting *Matarese v. LeFevre*, 801 F.2d 98, 106 (2d Cir. 1986).  This is such a case.

Undoubtedly, for many people, their home is their "nest egg," and security for their and their family's future livelihood.  When a tax foreclosure process goes beyond simply collecting unpaid property taxes and also takes equitable title to the property itself, it is fundamentally unfair, punitive, and antithetical to the very purposes of government to not return any excess equity to the property owner.[6]  Accordingly, extraordinary circumstances exist justifying relief under Rule 60(b)(6), and reopening the

---

[6] In their response, the Oakland County Defendants argue that under the recent Michigan Supreme Court case *Rafaeli v. Oakland County*, 505 Mich. 429 (2020), "a former property owner has a valid takings claim only where a foreclosing governmental unit sells property at auction for more than the amount of delinquent taxes and retains the surplus proceeds," and that in this case, the foreclosure did not generate "surplus proceeds" because the Property was "**not** sold at auction," but was transferred to the City of Southfield, and "**Oakland County never received nor retained any surplus proceeds, because such surplus proceeds never existed.**" (ECF No. 48, PageID.1094, 1099 (emphasis in original)).  *See also id.*, PageID.1100.  *Rafaeli* held, "when property is taken to satisfy an unpaid tax debt, just compensation requires the foreclosing governmental unit to return any proceeds from the tax-foreclosure sale in excess of the delinquent taxes, interest, penalties, and fees reasonably related to the foreclosure and sale of the property – no more, no less," which holding rested on the Michigan Supreme Court being "unaware of any authority affirming a vested right to equity held in property generally.  *Rafaeli*, 505 Mich. at 483-84, n. 134.  As discussed in detail below, *see infra* at 16-17, however, while Taylor's instant motion was pending before the Court, the Sixth Circuit provided just that authority.  In *Hall*, the Sixth Circuit explained that where a taxing authority "[takes] property worth vastly more than the debts [the taxpayer] owed, and failed to refund any of the difference[,] [i]n some legal precincts that sort of behavior is called theft."  *See Hall*, 51 F.4th at 196 (internal quotations omitted).  More to the issues raised in this civil litigation, the Sixth Circuit also held that the taxing authority "took the plaintiffs' property without just compensation, in violation of the Takings Clause."  *Id.*

case is necessary to correct what otherwise might result in a manifest injustice.  Thus, Taylor's motion to reopen the case should be granted.

### 2. *Taylor Should Be Granted Leave to File an Amended Complaint*

In the instant motion, Taylor also seeks leave to file an amended complaint, asserting a limited number of claims against only six of the twenty-four defendants originally named in this lawsuit – Oakland County, the City of Southfield, the Southfield Non-Profit Housing Corporation, SNR, Frederick Zorn, and Kenneth Siver.  (ECF No. 46, PageID.859).  Specifically, he seeks to bring claims "focused solely on the taking and retention of his equity after foreclosure."  (*Id.*, PageID.859).  Taylor also proposes adding a claim pursuant to 42 U.S.C. §§ 1983 and 1988 against all defendants other than Oakland County "for engaging in a civil conspiracy to use Southfield's right of first refusal under the GPTA to acquire tax-foreclosed properties for below fair-market value, and then sell those properties on the open market, stripping [Taylor's] equity and keeping it for themselves."  (*Id.*, PageID.859-60).

Pursuant to Rule 15(a)(1), a party may amend its pleading once as a matter of course within twenty-one days after service of a responsive pleading or twenty-one days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.  Otherwise, a party may amend only with the opposing party's written consent or the court's leave, which should be freely given "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  A court should deny a motion for leave to amend only "if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile."  *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995).

a.    *The Proposed Amended Complaint is Not Time-Barred*

In opposing Taylor's motion, one of the defendant groups (the SNR Defendants) argues that the instant case should not be reopened, and leave to amend should be denied as futile, because Taylor's motion for leave to amend "is an improper attempt to circumvent the statute[s] of limitations which now bar [Taylor's] claims *and the claims in the proposed amended complaint should not relate back to the commencement of the case*." (ECF No. 47, PageID.940) (emphasis added).   Explaining further, the SNR Defendants argue:

> All of Plaintiff's claims from his original complaint relate back to the foreclosure of his Property as the alleged injury (Feb. 8, 2017). All of Plaintiff's proposed amended claims relate back to the sale of the Property or the City's purchase under its right of first refusal (July 31, 2017).  Whether it is on the date that the foreclosure was entered, or the date the Property was sold, the limitations period on Plaintiff's alleged causes of action have expired.

(*Id.*, PageID.941).  This argument lacks merit as it fundamentally misapprehends both the purpose and the application of the "relation back" doctrine provided for in the Federal Rules of Civil Procedure.[7]

Fed. R. Civ. P. 15(c) provides that an amendment regarding claims or defenses made after the statute of limitations expires is not time-barred under certain circumstances.  Specifically, Rule 15(c)(1)(B) provides that an amendment "relates back *to the date of the original pleading*," *i.e.*, the filing of Taylor's original complaint, when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or

---

[7] The Oakland County Defendants also make a statute of limitations argument but do not address the "relation back" doctrine at all.  (ECF No. 48, PageID.1105).

occurrence set out – or attempted to be set out – in the original pleading[.]"  Fed. R. Civ.

P. 15(c)(1)(B) (emphasis added).  To paraphrase, if the new claim is sufficiently

connected to the original claim, the new claim is deemed to "relate back" to the date the

original claim was filed, and it is that date that is used to determine if the new claim is or

is not time-barred.

Here, although the specifics of his claims may differ somewhat, in both his

original complaint and his proposed amended complaint, Taylor alleges causes of action

stemming from the foreclosure of the Property by Oakland County, the Property's

subsequent conveyances – ultimately to a private entity – and the failure to compensate

Taylor for the alleged equity he had in the Property but lost as a result of the defendants'

conduct.  (ECF Nos. 1, 46-1).  For example, Taylor's original complaint alleged "the

[Oakland] [C]ounty treasurer took [his] property and transferred it to [the City of]

Southfield, who then transferred [his] property [to] the private corporation SNR

improperly through a series of transfers by Defendants in an effort to mask the dubious

nature of the transfers," while Taylor's proposed amended complaint similarly alleges

"[a]fter [the City of] Southfield purchased the properties and obtained title from Oakland

[County], [the City of] Southfield transferred title of those same properties to SNRI for

$1.00."  (ECF No. 1, PageID.5; ECF No. 46-1, PageID.893).

Thus, where Taylor's proposed amended complaint asserts claims that at least

arguably rest on the same overall conduct and transactions that were alleged in his

original complaint, and does not seek to add any new defendants, it appears that Rule

15(c)(1)(B)'s relation back provision would apply, and Taylor's newly-asserted claims

would be deemed to have been filed on the date he filed his original complaint. Defendants do not argue that Taylor's proposed claims are time-barred based on that date. Accordingly, defendants' statute of limitations arguments do not provide a basis for denying Taylor's motion to amend.

### b.   Defendants' Futility Arguments Fail

Finally, the various groups of defendants argue that leave to amend should be denied because Taylor's proposed claims are substantively futile. (ECF Nos. 47, 48, 49). A proposed amendment is futile when it would not survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *See Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556.

In deciding whether a plaintiff has set forth a "plausible" claim, a reviewing court must accept the factual allegations in the complaint as true. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This tenet, however, "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice" to prevent a complaint from being dismissed on grounds that it fails to sufficiently comport with basic pleading requirements. *Iqbal*, 556 U.S. at 678; *see also Twombly*, 550 U.S. at 555; *Howard v. City of Girard, Ohio*, 346 F. App'x 49, 51 (6th Cir. 2009). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Here, the SNR Defendants summarize the futility arguments articulated by all of the defendants by sweepingly asserting that Taylor's proposed claims are futile because, "between the dismissal of [Taylor's] complaint and the present, Judges from this District Court have dismissed the same claims based on the same factual circumstances that [Taylor] seeks leave to assert." (ECF No. 47, PageID.937, 947) (citing *Hall v. Meisner*, No. 20-12230, 2021 WL 2042298, at *12-13 (E.D. Mich. May 21, 2021) and *Estate of Johnson v. Meisner*, No. 19-11569, 2021 WL 3680479, at *1 (E.D. Mich. Aug. 18, 2021)). Specifically, the defendants argue that both *Hall* and *Estate of Johnson* rejected the contention made by Taylor here that the Michigan Supreme Court's decision in *Rafaeli*, 505 Mich. 429, "supports a cause of action against the Defendants to recover 'equity' in tax-foreclosed property." (*Id.*, PageID.947).

The problem for the defendants, however, is that while Taylor's instant motion was pending, the Sixth Circuit reversed *Hall* as to this specific issue. *See Hall*, 51 F.4th 185. In *Hall*, the plaintiffs brought claims pursuant to the Fifth Amendment's Takings Clause after Oakland County took "absolute title" to their homes by foreclosing "as payment for tax delinquencies that amounted to a mere fraction of their homes' value."

16

*Id.* at 189.  Specifically, the *Hall* plaintiffs argued – as Taylor does here in his proposed amended complaint – that they each had a vested property right in the "equity" in their home, *i.e.*, the property's value beyond any liens or encumbrances on it.  *Id.*  The Sixth Circuit agreed, holding that, "[b]y taking absolute title to the plaintiffs' property, the County took their equitable titles; and the County did so without a public foreclosure sale and without payment to the plaintiffs for the value of those titles."  *Id.* at 194.  In reaching its conclusion that the *Hall* plaintiffs had valid claims under the Takings Clause, the Sixth Circuit rejected the same argument made by the defendants in this case – namely, that, under *Rafaeli*, "a homeowner's equitable interest in her property is limited to any 'surplus' proceeds after a foreclosure sale conducted by the 'foreclosing governmental unit.'"  *Id.* at 195.  Indeed, not only did the Sixth Circuit *reject* the precise arguments advanced by the defendants here, but it went so far as to observe that "the equities run very much the other way[,]" bluntly stating:

> The County forcibly took property worth vastly more than the debts these plaintiffs owed, and failed to refund any of the difference.  In some legal precincts that sort of behavior is called theft.

*Id.* at 196 (internal quotations omitted).  There can be no doubt, then, that the Sixth Circuit's recent decision in *Hall* eviscerates the defendants' reliance on *Rafaeli*, and, therefore, their primary futility argument.[8]

---

[8] The Court recognizes that there are conflicting Circuit Court decisions on this issue, and the United States Supreme Court recently granted certiorari in one such case in which the foreclosing county prevailed both in the United States District Court for the District of Minnesota and on appeal in the United States Court of Appeals for the Eighth Circuit.  *See Tyler v. Hennepin Cty.*, 505 F. Supp. 3d 879 (D. Minn. 2020), *aff'd*, 26 F.4th 789, 794 (8th Cir. 2022) (rejecting taxpayer's claim that "the county's retention of her surplus equity [following a

For all of these reasons, leave to amend should be granted, and Taylor should be permitted to proceed with the post-foreclosure claims he now seeks to bring.[9]

## II.     RECOMMENDATION

For all of the foregoing reasons, **IT IS RECOMMENDED** that Taylor's Motion to Reopen Case and Motion for Leave to File an Amended Complaint **(ECF No. 46)** be **GRANTED**.

Dated: January 23, 2023                          s/David R. Grand
Ann Arbor, Michigan                              DAVID R. GRAND
                                                 United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy

---

foreclosure tax sale] is an unconstitutional excessive fine and a violation of substantive due process."), *cert. granted*, No. 22-166, 2023 WL 178396 (Jan. 13, 2023).  The recent granting of certiorari in *Tyler* is all the more reason to reject defendants' instant futility argument.

[9] The various groups of defendants make other, more factually nuanced arguments, as to why particular claims pled in Taylor's proposed amended complaint are futile.  Given the procedural posture of the case, however, where the applicable page limitations severely hampered Taylor's ability to thoroughly reply to arguments regarding both reopening the case and amending the complaint, the Court declines to address in detail the merits of each of the defendants' futility arguments.  To the extent the defendants continue to believe one or more of the claims pled in Taylor's proposed amended complaint is subject to dismissal, they may file a motion to dismiss as provided for by the Federal Rules of Civil Procedure.  The Court similarly need not decide at this time the request in Taylor's proposed amended complaint that the Court certify to the Michigan Supreme Court the issue of the retroactivity of *Rafaeli* and/or the constitutionality of certain provisions of the GPTA as effective at the time of the taking of Taylor's equity.  (ECF No. 46, PageID.844).  The defendants oppose this aspect of Taylor's proposed amended complaint, asserting that the issue of whether *Rafaeli* is to be applied retroactively is pending before the Michigan Court of Appeals.  (*E.g.*, ECF No. 47, PageID.928; ECF No. 48, PageID.1102-04).  Again, at this stage of the proceedings, where Taylor is merely seeking leave to *file* an amended complaint, the Court need not resolve this issue.

hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.  A party may respond to another party's objections within 14 days after being served with a copy.  *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1).  Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 23, 2023.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager
