UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH TAYLOR,

        Plaintiff,

v.

JANET JACKSON, ANDY MEISER, COUNTY
OF OAKLAND, CITY OF SOUTHFIELD,
FREDERICK ZORN, GERALD WITKOWSKI,
SUE WARD-WITKOWSKI, IRV LOWENBERG,
MICHAEL MANDLEBAUM, DONALD
FRACASSI, DANIEL BRIGHTWELL, MYRON
FRASIER, LLOYD CREWS, NANCY BANKS,
SOUTHFIELD NON-PROFIT HOUSING CORP.,
MITCHELL SIMON, RITA FULGIAM-HILLMAN,
LORA BRANTLEY-GILBERT, EARLENE
TRAYLER-NEAL, SOUTHFIELD
NEIGHBORHOOD REVITALIZATION
INITIATIVE, LLC, ETOILE LIBBETT, HABITAT
FOR HUMANITY, M.S. TITLE AGENCY, LLC,
and KENSON SIVER,

        Defendants.

Case Number 19-12548
Honorable David M. Lawson
Magistrate Judge David R. Grand

_____/

**ORDER ADOPTING IN PART REPORT AND RECOMMENDATION,
SUSTAINING IN PART AND OVERRULING IN PART DEFENDANTS'
OBJECTIONS, AND GRANTING MOTIONS TO REOPEN
CASE AND FOR LEAVE TO AMEND COMPLAINT**

Plaintiff Kenneth Taylor filed a *pro se* complaint on August 29, 2019, asserting various claims relating to the foreclosure of his home due to unpaid property taxes. The foreclosure resulted in Taylor losing the entire interest in his house, even though he says that the value far exceeded his tax liability. On November 12, 2020, former United States District Judge Stephanie Dawkins Davis issued an opinion and judgment adopting a report and recommendation and dismissing the complaint without prejudice because the Court lacked subject-matter jurisdiction over Taylor's claims. However, before Judge Davis filed her opinion, the Sixth Circuit decided

*Freed v. Thomas*, 976 F.3d 729 (2020), which marked a "monumental sea-change" in this circuit with respect to a taxpayer's rights to receive the equity in his home following a tax foreclosure. *See* Rep., ECF No. 63, PageID.1328. There, the court of appeals overruled the precedent that Judge Davis relied on when she dismissed Taylor's complaint. Under the new governing law, federal courts may exercise jurisdiction over claims challenging the right of a local taxing authority to retain foreclosure proceeds in excess of an unpaid tax liability. *Freed*, 976 F.3d at 734-40. A year after the dismissal, Taylor, now represented by counsel, filed the instant motion to reopen his case and file an amended complaint.

Taylor's motion was referred to Magistrate Judge David R. Grand, who issued a report recommending that the Court grant Taylor's motion to reopen and allow him to file an amended complaint. The defendants filed timely objections to the report and recommendation, to which Taylor responded. The motion now is before the Court for fresh review in light of those objections.

I.

The basic facts are undisputed. Taylor owned a house in Southfield, Michigan. When he failed to pay the real estate taxes due on the property in 2014 and other prior years, the Oakland County Treasurer foreclosed on the property as allowed by the Michigan General Property Tax Act, Mich. Comp. Laws § 211.1, *et seq*. On February 8, 2017, the Oakland County, Michigan circuit court entered a judgment of foreclosure.

Taylor did not redeem the property by paying the outstanding tax liability, appeal the foreclosure, or seek post-judgment relief. Exercising a then-applicable provision of the General Property Tax Act, the Oakland County Treasurer conveyed the property to the City of Southfield, which in turn conveyed it to the defendant Southfield Neighborhood Revitalization Initiative (SNRI), LLC. SNRI entered into a release with the plaintiff in which he agreed to vacate the

property in consideration for a $2,000 payment. However, the plaintiff refused to vacate the property, and SNRI ultimately evicted him.

Despite having equity in the home that far exceeded the amount of his unpaid property taxes, as he alleges, Taylor received nothing following the foreclosure. Thus, on August 29, 2019, Taylor filed his *pro se* complaint against 24 defendants, including Oakland County, the City of Southfield, and SNRI, and several of their employees, challenging both the tax foreclosure on the property and the post-foreclosure taking and retaining of the equity he had in the property. The complaint alleges that the defendants' foreclosure scheme violated his rights under the Fifth Amendment (due process), Eighth Amendment (excessive fines), and Fourteenth Amendment (equal protection) to the United States Constitution. *See* Compl., ECF No. 1, PageID.2. It also pleads claims for race discrimination in violation of the Fair Housing Act, conspiracy and fraud in violation of RICO, and conversion under state law. *Id.* at PageID.20-27.

Various groups of defendants filed motions to dismiss, and Judge Grand issued a report suggesting that, based on then-controlling Sixth Circuit precedent, the Tax Injunction Act and principles of comity deprived the Court of subject matter jurisdiction over Taylor's claims. ECF No. 40. Shortly thereafter, the Sixth Circuit issued its opinion in *Freed*, holding that neither the Tax Injunction Act nor principles of comity precludes suit in federal court challenging the post-collection failure to reimburse taxpayers for the excess proceeds from the sale of their property in foreclosure. *See Freed*, 976 F.3d at 732. However, it appears that the *Freed* decision did not come to the immediate attention of the parties, and Judge Davis's opinion ignored it. No party filed objections to Judge Grand's report, and Judge Davis adopted it on November 12, 2020, dismissing Taylor's complaint without prejudice for lack of subject matter jurisdiction. *See* ECF Nos. 41-42. Taylor did not appeal.

On November 12, 2021, and now with the assistance of counsel, Taylor filed the instant motion to reopen the case. ECF No. 46. He sought leave to file an amended complaint that "will cure any existing defects, [and] limit[] the claims to post-foreclosure claims, against a limited number of defendants, relating solely to the illegal taking of the equity of his real property above and beyond the amount of past due property taxes." *Id.* at PageID.849-50. He attached to his motion a proposed amended complaint that pleads taking, inverse condemnation, and procedural due process claims against Oakland County; an unjust enrichment claim against SNRI; and a new conspiracy claim against SNRI, the City of Southfield, the Southfield Non-Profit Housing Corporation, Southfield City Administrator Frederick Zorn, and Southfield Mayor Kenneth Silver (the Southfield defendants).

Magistrate Judge Grand recommended that the Court grant the plaintiff's motion to reopen his case under Federal Rule of Civil Procedure 60(b)(6). Although Taylor moved to reopen his case more than a year after the *Freed* decision, Judge Grand found that Taylor filed his motion within a reasonable time. It was not clear to him, based on the record, when Taylor learned of the *Freed* decision or retained counsel. But he deduced from the amount of briefing Taylor's motion has generated that significant investigation likely was required to prepare the instant motion. Judge Grand pointed out that other courts have granted Rule 60(b)(6) motions that were filed more than a year after the entry of judgment. He also was persuaded that the Sixth Circuit's *Freed* decision constitutes an extraordinary circumstance warranting relief from judgment, because it is undisputed that *Freed* overturned the binding precedent that served as the principal reason for the dismissal of Taylor's claims. Overall, Judge Grand found that the loss of the equity in the home was fundamentally unfair, unduly punitive, and antithetical to the purposes of government.

Judge Grand likewise recommended that Taylor be granted leave to file an amended complaint. He found that the claims in the proposed amended complaint relate back to the date of the original pleading, as they arguably stem from the same transactions challenged in the original complaint: the foreclosure of Taylor's property and the failure to compensate Taylor for his equity after foreclosure. And he reasoned that the Sixth Circuit's recent decision in *Hall v. Meisner*, 51 F.4th 185 (6th Cir. 2022), negates many of the defendants' futility arguments. There, the court of appeals considered identical claims against a near-identical lineup of defendants. Considering the claims against Oakland County, the court of appeals held that, because the "owner's right to a surplus after a foreclose sale . . . follows directly from her possession of equitable title before the sale," the Takings Clause bars the government from retaining any such surplus. *Id.* at 195-96. Judge Grand declined to consider the defendants' arguments that specific claims in the proposed amended complaint are futile as to specific defendants, reasoning that such arguments properly are raised and litigated via motions to dismiss after an amended complaint is filed.

The Oakland County defendants filed an objection to the report and recommendation. The SNRI defendants filed three objections, and the Southfield defendants filed two.

II.

When a party files timely objections to a report and recommendation, the court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This fresh review requires the court to re-examine all of the relevant evidence previously reviewed by the magistrate judge in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

This review is not plenary, however. "The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues — factual and legal — that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985). As a result, "[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

A. Oakland County Defendants' Objection

The Oakland County defendants insist that Taylor should have appealed the dismissal of his case to the Sixth Circuit. They contend that, because the court of appeals published *Freed* before Judge Davis dismissed this case, remand in light of the *Freed* decision is an issue that should have been presented in an appeal and therefore is unreviewable on a Rule 60(b)(6) motion.

It is true that a party may not use Rule 60(b) "as a substitute for an appeal, or as a technique to avoid the consequences of decisions deliberately made yet later revealed to be unwise." *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989) (quoting *Federal's, Inc. v. Edmonton Investment Co.*, 555 F.2d 577, 583 (6th Cir. 1977)). But it is far from clear that Taylor's passing up an appeal was the result of a deliberate choice.

Certainly, Taylor could have filed an appeal on the basis of *Freed*, which was published after Judge Grand issued his first report and recommendation but before Judge Davis entered judgment dismissing the complaint. However, it would be manifestly unjust to expect that Taylor would discover *Freed* within that weeks-long period when neither Judge Davis nor any of the

parties apparently was aware of the decision. Considering the Court's own failure to recognize the proper governing — albeit new — law, it cannot be said that Taylor, a *pro se* litigant, "made a fair and deliberate choice at some earlier time not to move for relief." 11 Fed. Prac. & Proc. Civ. § 2864 (3d ed.); *see also Polites v. United States*, 364 U.S. 426, 432 (1960) (denying Rule 60(b)(6) motion where the decision not to appeal was "free, calculated, and deliberate").

This is not a case of "settlor's remorse," *Cummings v. Greater Cleveland Reg'l Transit Auth.*, 865 F.3d 844, 846 (6th Cir. 2017), or even the case of higher courts carving out a narrow exception to a procedural rule, *see Abdur'Rahman v. Carpenter*, 805 F.3d 710, 714 (6th Cir. 2015). It is one where the Court failed to recognize and apply a monumental shift in controlling law protecting fundamental property rights, resulting in the loss without just compensation of the plaintiffs' equity in his home.

The Oakland County defendants' objection will be overruled.

B. SNRI Defendants' Objections

The SNRI defendants made three objections to Judge Grand's report.

1.

First, they object to Judge Grand's finding that a change in decisional law is an adequate ground for permitting the plaintiff to reopen his case. They contend that extraordinary circumstances also must be present, and that *Freed* did not create a cause of action against SNRI — the subsequent purchaser of the tax-foreclosed property — in any case.

Rule 60(b) allows the Court to relieve a party from a final judgment or order for several reasons, including "(1) mistake, inadvertence, surprise, or excusable neglect; [and] (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." Rule 60(b)(6) also

permits the court to grant a motion for relief from judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).

A "mistake," as contemplated by subparagraph (1), includes a mistake of law. *United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002) (confirming that Rule 60(b)(1) "is intended to provide relief in only two situations: (1) when a party has made an excusable mistake or an attorney has acted without authority, or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order"). Although the plaintiff did not rely on that part of the rule, he could have, as the Court's judgment of dismissal did not apply the correct law that prevailed at the time the judgment was entered. And Taylor filed his motion a year to the day following the entry of the judgment in this case. *See* Fed. R. Civ. P. 60(b) (stating that a motion under Rule 60(b)(1) must be filed "no more than a year after the entry of the judgment or order or the date of the proceeding").

The plaintiff, however, invoked Rule 60(b)(6). The Sixth Circuit has held that a court may grant relief under Rule 60(b)(6) "'only in exceptional and extraordinary circumstances,' which are defined as those 'unusual and extreme situations where principles of equity mandate relief.'" *Export-Import Bank of U.S. v. Advanced Polymer Sciences*, Inc., 604 F.3d 242, 247 (6th Cir. 2010) (quoting *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 387 (6th Cir. 2001)). In addition, "something more than one of the grounds in subsections (1) through (5)" must be shown to justify relief under Rule 60(b)(6). *East Brooks Books, Inc. v. City of Memphis*, 633 F.3d 459, 465 (6th Cir. 2011) (quotation marks omitted). "Accordingly, a motion made under Rule 60(b)(6) is addressed to the trial court's discretion which is especially broad given the underlying equitable principles involved." *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989) (internal quotation omitted).

The defendants are correct that "[i]ntervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6)." *Agostini v. Felton*, 521 U.S. 203, 239 (1997). But "rarely" does not mean "never." Where "unique facts" compel granting a Rule 60(b)(6) motion based solely on a change in the law, the Court may exercise its discretion and provide relief from judgment. *Overbee v. Van Waters & Rogers*, 765 F.2d 578, 580 (6th Cir. 1985). Here, the plaintiff was denied a hearing on the merits of his claims because the Court applied the wrong law. That resulted in the plaintiff's loss of the equity in his home, through a transaction the court of appeals compared to theft in a case that presented nearly identical facts. *See Hall v. Meisner*, 51 F.4th 185, 196 (6th Cir. 2022) (*Hall I*). In that case, the Sixth Circuit opined that Oakland County's failure to refund the surplus equity to tax-foreclosed property owners violated "long-settled principles" of property law that date back to the Magna Charta. *See id.* at 192-94 ("Magna Charta itself had provided that a debtor's lands could be taken only to the extent necessary to satisfy the debt.") (citing Magna Charta ¶ 26 (1215)). It therefore is reasonable for the Court now to conclude that *Freed* and *Hall I* rendered the previous dismissal of Taylor's complaint far less equitable than it appeared a year earlier.

As noted above, the facts of *Hall* are nearly identical to those in the present case: the plaintiffs challenged Oakland County's taking of title in their homes under the Michigan General Property Tax Act. *Id.* at 189. The takings likewise were effectuated without a public foreclosure sale, and the titles to the properties likewise were conveyed to the City of Southfield and then to SNRI. *Id.* at 188. The Sixth Circuit found that Oakland County's actions violated the Fifth Amendment because "[t]he County forcibly took property worth vastly more than the debts these plaintiffs owed, and failed to refund any of the difference," reasoning that, "'[i]n some legal precincts that sort of behavior is called theft.'" *Id.* at 196 (quoting *Wayside Church v. Van Buren*

*County*, 847 F.3d 812, 823 (6th Cir. 2017) (dissenting opinion)). It further found that the operative event that gave rise to the claim for compensation was Oakland County's taking of "absolute title" to the plaintiff's homes. *Ibid.* Therefore, despite the subsequently conveyance of the property to other defendants, Oakland County was "responsible for the taking of the plaintiffs' property" in *Hall*. *Ibid*.

*Hall* reversed the flow of precedent that had favored the state government. That decision paralleled similar developments in state court precedent as well. *See Rafaeli, LLC v. Oakland Co.*, 505 Mich. 429, 952 N.W.2d 434 (2020); *Proctor v. Saginaw Cnty. Bd. of Commissioners*, 340 Mich. App. 1, 985 N.W.2d 193 (2022). This monumental shift in controlling law protecting fundamental property rights easily qualifies as the sort of unique and rare event justifying relief under Rule 60(b)(6). *Overbee*, 765 F.2d at 580.

2.

Next, the SNRI defendants object to Judge Grand's finding that Taylor filed his motion to reopen within reasonable time, and within the applicable statute of limitations. They argue that the statute of limitations began to run in this case at the point of injury, which was the date of foreclosure; was tolled during the pendency of Taylor's suit; resumed after the entry of judgment of dismissal; and then expired before Taylor filed the instant motion to reopen.

Motions based on Rule 60(b)(1) through (3) must be brought "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(b). As mentioned earlier, Taylor filed his motion within that timeframe.

Motions made under Rule 60(b)(6) are not subject to this one-year time limitation, but the Sixth Circuit has held that a motion for relief of judgment under this subsection "is only cognizable if brought within a reasonable time." *United States v. Dailide*, 316 F.3d 611, 617 (6th Cir. 2003).

What constitutes a "reasonable time" depends "on the facts of a given case including the length and circumstances of the delay, the prejudice to opposing party by reason of the delay, and the circumstances compelling equitable relief." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990) (collecting cases where Rule 60(b)(6) motions filed 18 to 26 months after judgment were considered timely). The advisory committee's note to the 1946 amendments to Rule 60 make clear that the rule "is broadly drafted to give the trial judge discretion, *without reference to the one-year limitation imposed elsewhere*, to grant relief from judgment in unusual situations." *Fuller v. Quire*, 916 F.2d 358, 361 (6th Cir. 1990) (emphasis added) (citing Fed. R. Civ. P. 60(b) advisory committee's note to 1946 amendment); *see also Kemp v. United States*, --- U.S. ----, 142 S. Ct. 1856, 1861 (2022) ("Motions under Rule 60(b)(6) are not subject to this additional 1-year constraint.").

Considering the factors enumerated in *Olle*, Taylor filed his Rule 60(b) motion within a reasonable time. The time gap between the between the challenged judgment and the motion filing was only one year, which is all that Rule 60(b) requires for motions filed under subsections (1) through (3). And there is no evidence that Taylor acted without diligence. He initially proceeded *pro se*, and apparently required time to retain counsel to assist him in investigating and preparing the instant motion. That effort may have been complicated further by the shifting precedent applicable to his case, including the Sixth Circuit's intervening decisions in *Hall I* and *Hall v. Meisner*, 2022 WL 7478163 (6th Cir. Oct. 13, 2022) (*Hall II*). The equities in this case also weigh in favor of the Court exercising its discretion to consider the merits of Taylor's claims.

SNRI also contends that the statute of limitations bars the further litigation of this case. But SNRI's tolling calculations are beside the point because the claims in the proposed amended complaint plainly relate back to the commencement of the case. Like the claims in the original

complaint, they stem from the foreclosure of Taylor's property by Oakland County, its conveyance to Southfield and SNRI, and the failure to compensate him for loss of his equity in his home. *See Hall v. Spencer Cnty.*, 583 F.3d 930, 934 (6th Cir. 2009) ("[A] court will permit a party to add even a new legal theory in an amended pleading as long as it arises out of the same transaction or occurrence." (quoting *Miller v. Am. Heavy Lift Shipping*, 231 F.3d 242, 248 (6th Cir. 2000))). The original complaint placed the defendants "on notice that [they] could be called to answer for the allegations in the amended pleading." *Ibid.* (quoting *U.S. ex rel. Bledsoe v. Comm. Health Sys., Inc.*, 501 F.3d 493, 516 (6th Cir. 2007)). The statute of limitations never expired. *See ibid.* ("Rule 15(c) is 'based on the notion that once litigation involving particular conduct or a given transaction or occurrence has been instituted, the parties are not entitled to the protection of the statute of limitations against the later assertion by amendment of defenses or claims that arise out of the same conduct, transaction, or occurrence.'").

The two cases the defendants cite do not alter that conclusion. Neither case discusses or applies Rule 15(c), because both concern the tolling the statute of limitations during the pendency of a *prior* suit. *See Potter v. Comm'r of Soc. Sec.*, 9 F.4th 369, 371-72 (6th Cir. 2021) (considering when the outright dismissal of an uncertified class action ends tolling under *American Pipe & Const. Co. v. Utah*, 414 U.S. 538 (1974)); *Carmichael v. Corr. Med. Servs.*, No. 12-13594, 2016 WL 28985, at *3 (E.D. Mich. Jan. 4, 2016) (determining the tolling period before the dismissal of a case without prejudice and filing of a new action). Here, Taylor instead seeks to reopen his case and amend his complaint.

3.

Finally, the SNRI defendants object to Judge Grand's rejection of their argument that it would be futile to permit Taylor to file an amended complaint pleading claims against SNRI. They

note that, after publishing *Hall I*, the Sixth Circuit issued an unpublished decision in a related appeal in which the plaintiffs asserted mostly the same claims against most of the same defendants. *See Hall II*. In *Hall II*, the Sixth Circuit affirmed the district court's dismissal of the claims against SNRI on the grounds that what happened "after the County took absolute title . . . had no effect upon" the plaintiffs' legal rights because the "relevant actions" of SNRI "came after the County took absolute title to plaintiffs' homes." *Hall II*, 2022 WL 7478163, at *1. The SNRI defendants maintain that the claims Taylor proposes pleading against SNRI necessarily are futile under *Hall II*.

They are correct, but only by half. *Hall I* and *II* cast doubt on Taylor's proposed unjust enrichment claim against SNRI surviving a motion to dismiss. In *Hall I*, the court of appeals found that Oakland County "*alone* is responsible for the taking of the plaintiffs' property," because its taking of absolute title to the plaintiffs' property was the event that gave rise to the claim of compensation in that case. *Hall I*, 51 F.4th at 196 (emphasis added) (citing *Knick v. Township of Scott*, --- U.S. ----, 139 S. Ct. 2162, 2170 (2019)). Thus, the *Hall I* court upheld the district court's dismissal of the plaintiffs' unjust enrichment claim against the Southfield defendants, *id.* at 196-97, because, despite Oakland County's unlawful taking, "there is nothing unlawful with the Oakland County Treasurer's foreclosure of Plaintiffs' properties, the City's exercise of its statutory right of first refusal, or SNRI's subsequent purchase of the properties," *Hall v. Meisner*, 565 F. Supp. 3d 953, 978 (E.D. Mich. 2021). The court of appeals applied the same reasoning in *Hall II* to deny the plaintiffs' unjust enrichment claim against SNRI, finding that SNRI's actions "had no effect" upon the plaintiffs' legal rights because they came after the County took absolute title to the plaintiffs' homes. *Hall II*, 2022 WL 7478163, at *1.

Nonetheless, it cannot also be said that *Hall I* and *II* likewise foreclose a civil-conspiracy claim against SNRI and the Southfield defendants, because those cases did not involve civil conspiracy claims. The plaintiff points to *Sinclair v. Meisner*, No. 22-1264, 2022 WL 18034473 at *5 (6th Cir. Dec. 29, 2022), where the court of appeals reversed the district court for dismissing a similar civil conspiracy claim without first considering *Hall*. In *Sinclair*, the Sixth Circuit declined to opine on the futility of pleading a civil conspiracy claim against the same defendants, alleging that they conspired to seize the equity in foreclosed properties without just compensation. *See id.* at *5. Instead, the court of appeals directed the district court to reevaluate the plausibility of the civil conspiracy claim in light of *Hall*. *Ibid.* At minimum, *Sinclair* suggests that the plausibility of the proposed civil-conspiracy claim is an open question better addressed in a Rule 12(b)(6) motion.

SNRI's third objection will be sustained in part. Taylor's attempt to amend his complaint to plead an unjust enrichment claim against SNRI would be futile. But he will be permitted to amend his complaint to plead the conspiracy claim against SNRI.

### C. Southfield Defendants' Objections

The Southfield defendants made similar objections to Judge Grand's report.

#### 1.

First, they echo the SNRI defendants' objection to Judge Grand's decision not to consider the liability of each defendant separately and weigh whether the claims against each may be futile. In support, they note that the court of appeals in *Hall I* considered which of the many defendants effected a taking of the plaintiffs' property and determined that "the County alone" was responsible for taking equitable title. *Hall*, 51 4th at 196. They also contend that Taylor's conspiracy claim is futile because Taylor does not allege that Oakland County was part of the alleged conspiracy.

As with SNRI, *Hall I* and *Hall II* foreclose the plaintiff's attempt to hold the Southfield defendants liable under an unjust enrichment theory. But the merits of a proposed civil conspiracy claim are better assessed after the final version of the plaintiff's amended complaint is available and in the context of a motion under Rule 12(b)(6) or Rule 12(c).

The Southfield defendants first objection will be sustained in part.

2.

Second, the Southfield defendants object to Judge Grand's failure to address the qualified immunity issues that they believe are raised by Taylor's proposed amended complaint. They argue that under *Hall I* and *II*, they did not violate Taylor's rights, and that no case has held that subsequent purchasers of tax-foreclosed property can be held liable for a taking that occurred through the tax foreclosure process. Thus, they say that qualified immunity is "appropriate" and Taylor's proposed claims against them are futile.

The Sixth Circuit has denied motions to amend as futile where the amendment seeks to add defendants who are entitled to qualified immunity. *See Haverstick Enters., Inc. v. Fin. Fed. Credit, Inc.*, 32 F.3d 989, 995-96 (6th Cir. 1994). However, it has done so in cases where "[d]espite ample time for discovery, the record below was devoid of any evidence which might support" the required findings regarding the constitutional right at issue. *Id.* at n.8; *see also Slusher v. Carson,* 540 F.3d 449, 458 (6th Cir. 2008). No such discovery has occurred here, nor has any party previously raised qualified immunity as a defense. *See, e.g.*, *Thrower v. Kovein*, 991 F.2d 796 (6th Cir. 1993) (finding amendment to add police officer defendants futile where qualified immunity determination already had been made as to other officer defendants).

Moreover, the Sixth Circuit repeatedly has cautioned that "it is generally inappropriate for a district court to grant a 12(b)(6) motion to dismiss on the basis of qualified immunity." *Hart v.*

*Hillsdale Cnty.*, 973 F.3d 627, 635 (6th Cir. 2020).  Although "'entitlement to qualified immunity is a threshold question to be resolved at the earliest possible point,' that point is usually summary judgment and not dismissal under Rule 12." *Ibid.* (quoting *Wesley v. Campbell*, 779 F.3d 421, 433-34 (6th Cir. 2015) (citations omitted)).  Consideration of the defendants' qualified immunity defense at the motion to amend stage is even more premature.

The parties' briefing on the qualified immunity issue is perfunctory.  It is not clear that Taylor has had an adequate opportunity to meet his burden of demonstrating that the defendants violated clearly-established constitutional rights.  Justice better would be served by the defendants raising any qualified immunity defenses in a dispositive motion after the plaintiff files his amended complaint.

### III.

The magistrate judge correctly concluded that the Court should reopen the case.  The magistrate judge also was correct in his conclusion that the plaintiff should be permitted to file an amended complaint, but the proposed pleading submitted must be revised to reflect the rulings here.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation (ECF No. 63) is **ADOPTED IN PART**.

It is further **ORDERED** that the SNRI defendants' third objection and the Southfield defendants' first objection are **SUSTAINED IN PART**.

It is further **ORDERED** that the plaintiff's motion to reopen his case (ECF No. 46) is **GRANTED**.

- 17 -

It is further **ORDERED** that the plaintiff may file an amended complaint **on or before April 10, 2023**, but the plaintiff may not plead claims of unjust enrichment against the SNRI defendants or the Southfield defendants.

It is further **ORDERED** that the remaining objections to the report and recommendation are **OVERRULED**.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated:   March 26, 2023